IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| STEVEN WAYNE KEEFE,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN JIM SALMONSEN;<br>ATTORNEY GENERAL OF THE<br>STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 24-06- GF-DWM<br><br>ORDER |

    This matter is before the Court on state petitioner Steven Wayne Keefe's amended application for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 12.) Counsel for Keefe informed the Court that he recently learned of Keefe's passing and accordingly seeks dismissal of the matter. (Doc. 19.)

    In light of Keefe's death, his Section 2254 petition must be dismissed as moot. Art. III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. *See Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990). This case or controversy requirement means that a petitioner must continue to have a personal stake in the outcome of the civil action when the case is filed and when the case is decided. *Id.* If at any

1

point in the proceedings there is no actual controversy, the case must be dismissed as moot. *Id.* Section 2254 empowers a federal court to grant a petitioner relief from unlawful state custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). By virtue of Keefe's death, the Court can no longer provide the requested relief. Consequently, the Court can no longer consider the amended petition under Section 2254. Accordingly, the claims are rendered moot, and Keefe's petition must be dismissed.

IT IS HEREBY ORDERED:

This matter is DISMISSED as moot. The Clerk of Court is directed to enter a judgment of dismissal and close the matter.

DATED this 8th day of December, 2025.

_____
Donald W. Molloy
United States District Court Judge